WESTCHESTER COUNTY.—HON. OWEN T. COFFIN, SURROGATE.—April, 1888.

MATTER OF BOWNE.

*In the matter of the estate of* ELIAS C. BOWNE, *deceased.*

A decree of a Surrogate's court, admitting or rejecting a will presented for probate, is "a judgment," within the meaning of Code Civ. Pro., § 721, which is made applicable to such a court by id., § 2538, and protects a "judgment of a court of record" from impairment, by reason of the appearance, by attorney, of an infant party, if the judgment be in his favor. But where the will is admitted, the decree cannot be said to be in favor of an infant contestant.

The parent of an infant party to a special proceeding in a Surrogate's court has no authority, in his capacity as guardian in socage or by nature, to appear as guardian ad litem for his ward.

Seven years after decedent's will was admitted to probate, application was made for an order, to be entered, *nunc pro tunc*, appointing a guardian ad litem of an infant contestant, in the special proceeding instituted to procure probate.—

*Held,* that the court was without jurisdiction to grant the order sought; the application for which was an attempt to forestall the infant's right, on attaining majority, to move to vacate the decree on account of the failure to procure an appointment of such a guardian in due course.

THIS was an application for an order for the appointment of a special guardian for an infant, in proceedings to prove a will, to be entered *nunc pro tunc,* as of May 25th, 1881. From the affidavit presented, it appeared that Elias C. Bowne, deceased, left, among his heirs-at-law, some infant children; that, on the proceeding to prove his will, in May, 1881, the infants were duly cited ; that, on the return of the citation, Mary Dusenbury, the mother and guardian in socage of said infants, appeared in person and by Charles H. Ostrander, Esq., her attorney, and contested said will; that, as counsel for proponent then supposed, said attorney had been appointed the special guardian for said minors ; that said Ostrander claimed, on said probate, to appear for said minors and also for Mary Dusenbury, their general guardian. It also appeared that she was not then such general guardian, but was appointed as such at some period subsequent to the admission of the contested will to probate.

ODLE CLOSE, *for the application :*

Cited Code Civ. Pro., §§ 721, 722, 723 and 2538 ; Matter of Becker (28 *Hun,* 207); Jenkins v. Young (43 *id.,* 194).

THE SURROGATE.—The question presented, is not one addressed to the discretion of the court, but relates to its jurisdiction to grant the order sought. It will

be seen, by reference to § 2538 of the Code, that §§ 721, etc., are made applicable to Surrogates' courts, so that the power granted by those sections may be exercised here, but only when the case is brought within their provisions.  Doubtless, it was irregular to proceed to prove the will and admit it to probate without having, on the return day of the citation, appointed a special guardian for the minors.  The mother, as guardian in socage, by nature, or otherwise, could not, except as general guardian, appear for them ; and she was not then their general guardian ; nor could the attorney appear for them.  It is true, the failure to appoint a special guardian did not render the proceeding void, but voidable only by the minors on attaining their majority ; as is abundantly shown by the cases in *Hun*, cited by the learned counsel.  I cannot see that they affect the question here presented.

It is expressly provided by subd. 7 of § 721, that no judgment of a court of record shall be impaired or affected by reason of the appearance, by attorney, of an infant party, if the judgment *is in his favor*.  A decree on probate must be treated as a judgment, within the spirit and meaning of the act.  Hence it would appear that, as the decree was *against* the infants as contestants of the will, it certainly cannot be regarded as being in their favor ; and, therefore, to make the order sought would be violating the provisions of the act.  Without the statutory power conferred thereby, this court, not being a court of general jurisdiction, would be able to correct but few of the defects and imperfections therein mentioned.

This minor, for it is understood that all but one of them are now over twenty-one, will have a right, when of age, to seek to avoid the decree because of the omission to appoint a special guardian.   It is an existing right, but cannot yet be exercised.   Can this court deprive her of that right, by making the order sought ? Clearly not.   No provision of the common-law or of the Code can be found, warranting us to proceed to such an extent.

Application denied.